STATE v. MICHAEL RAY MARCHAND.

225 N. W. 2d 537.

January 17, 1975—No. 44022.

C. Paul Jones, State Public Defender, and Barbara Britt, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Keith M. Brownell, County Attorney, and Michael R. Dean, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of burglary, Minn. St. 609.58, and sentenced to an indeterminate term not to exceed 5 years' imprisonment, contends on this appeal from judgment of conviction that (1) the evidence against him was, as a matter of law, insufficient to support a conviction; and (2) the trial court's instruction concerning the use of a prior inconsistent statement made by one of the witnesses was inadequate. We affirm.

1. The key evidence against defendant was the testimony of a woman who lived near the burgled building. Although she did

not see defendant enter the building, she saw him in the vacant lot next to the building just prior to the burglary and clearly heard him direct someone else (more than likely the juvenile whom police apprehended in the building) as to how to commit the burglary. We need not decide whether this evidence would be sufficient if the voice identification had been made by someone who had had no prior acquaintance with defendant because here the voice identification was made by someone who, the evidence shows, was well acquainted with defendant and with defendant's voice. As such, the evidence was sufficient to support the verdict.

2. The facts relating to defendant's second contention are as follows. The trial court, in response to a request by both defendant and prosecution, called as its own witness[1] the juvenile who was apprehended by police at the scene. This witness testified that defendant had not in any way participated in the burglary, but admitted that he had made a prior inconsistent statement to police incriminating defendant. We held in State v. Saporen, 205 Minn. 358, 285 N. W. 898 (1939), that a prior inconsistent statement is admissible only to impeach the credibility of the maker and that the jury could not consider the prior inconsistent statement as substantive evidence of the facts related therein. We have recognized an exception to this rule where the prior statement is received without objection and without a request for an instruction limiting its use. Kvanli v. Village of Watson, 272 Minn. 481, 139 N. W. 2d 275 (1965); Erickson v. Paulson, 251 Minn. 183, 87 N. W. 2d 585 (1957). Although we have indicated that in a proper case we may reconsider that exclusionary rule, State v. Slapnicher, 276 Minn. 237, 149 N. W. 2d 390 (1967), we decline to do so in this case. Here, the trial court did give an instruction designed to inform the jury that prior inconsistent statements are not to be used as substantive evidence. Defendant made no objection at the time but now

[1] This is a procedure authorized in State v. Hines, 270 Minn. 30, 133 N. W. 2d 371 (1964).

claims the instruction was inadequate.[2] Just as a party can waive his right to challenge the lack of such an instruction by failing to request that it be given, so can he waive his right to challenge its adequacy by failing to object to the instruction at the time it is given.

Affirmed.

---

[2] The court stated: "In deciding the believability and weight to be given the testimony of a witness, you may consider evidence of a statement by the witness on some prior occasion which is inconsistent with his present testimony. This evidence may be considered by you only for the purpose of testing the believability and the weight of the witness' testimony, and for no other purpose."