**Karen Jo BRANDENBERG, Respondent,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Appellant.**

**No. C6–84–0352.**

Court of Appeals of Minnesota.

July 31, 1984.

Cortlen G. Cloutier, Cloutier & Musech, Minneapolis, for respondent.

Theodore N. Treat, Jr., Peterson & Treat, P.A., Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ., without oral argument.

## OPINION

FOLEY, Judge.

Defendant Auto-Owners Insurance Company (Auto-Owners) appeals from the declaratory judgment of the trial court that plaintiff Karen Jo Brandenberg was entitled to recover no-fault benefits for injuries sustained when she fell or jumped from a van driven by her husband. Auto-Owners argues that the trial court erred in finding that Auto-Owners failed to prove that Brandenberg jumped from the van, so as to exclude her from coverage under the insurance policy. We disagree and affirm.

## FACTS

The parties stipulated at trial that on May 16, 1981, respondent-Karen Jo Brandenberg was an insured under a policy of automobile insurance issued by appellant-Auto-Owners which policy provided basic no-fault automobile insurance coverage on a van owned by respondent's husband. It was further stipulated that respondent was entitled to recover for injuries suffered while a passenger in a van driven and owned by her husband unless appellant could prove that she intentionally injured herself by jumping from the moving van.

At trial, Auto-Owners called LaMar Brandenberg, the driver of the van and husband of respondent, to testify. He and his wife were the only occupants of the van and the only witnesses to the accident. Mrs. Brandenberg was rendered unconscious during the accident. She suffers retrograde amnesia and therefore does not recall any of the events leading up to the accident.

Mr. Brandenberg testified that he and his wife went out for a drive in the country late one night, taking a 12-pack of beer with them. His wife had driven for about an hour when he noticed she was not attentive. She had drunk one or two cans of beer while he had two. When Mr. Brandenberg noticed that his wife wasn't responding to him, he decided to take over the driving. After the van was stopped, Mr. Brandenberg got out the passenger's side. He gave the door "a little nudge." He did not close or lock the door, he left it ajar because he "took it for granted she was going to come around the front and get in the van." He walked around the front of the van to the driver's door and told his wife to get out because he was going to drive. Instead of getting out the driver's door, Mrs. Brandenberg stayed inside and just slid over to the other seat. Mr. Brandenberg did not go back and latch the passenger's door; he forgot about it.

Mr. Brandenberg proceeded to drive the van towards town and while driving along he talked to his wife. She was awake but didn't respond. When he was approximately one mile out of town he looked to his left and then turned back to say something to his wife and she was gone. This occurred without warning, sound or indication from his wife. Mr. Brandenberg noticed at this time that the door was "just ajar" and unlatched.

After an unsuccessful search for his wife, Mr. Brandenberg drove into town for help. He located Officers Gary Robbins

and Mike Beckmann and told them that his wife had fallen out of the van and that he couldn't find her.

Mrs. Brandenberg was found unconscious in the ditch along the highway and was transported to the Wells hospital by ambulance. She was subsequently transported to a hospital in Rochester. A neighbor drove Mr. Brandenberg to Rochester.

While in the emergency room waiting area of the Wells hospital, a county sheriff and a hospital employee asked Mr. Brandenberg how the accident had occurred. At trial Mr. Brandenberg denied explaining the accident as stated in the admitting notes from the Rochester hospital ("During a family dispute riding in the van, patient jumped out of the door at approximately 40 miles an hour. Was in ditch approximately 15, 20 minutes."). He also denied explaining to County Sheriff Kabe that Mrs. Brandenberg "jumped from vehicle at 45 miles an hour." Mr. Brandenberg further denied telling Officer Robbins or Officer Beckmann that his wife jumped out of his van.

Respondent's attorney asked Mr. Brandenberg: "Did you know when you couldn't find her in the van, did you know whether or not she had fallen out, jumped out or leaned against the door or what had happened?" His response was: "No, I didn't."

In addition to Mr. Brandenberg's live testimony at trial, appellant's attorney asked the court to consider the depositions of four persons.[1] None of these persons was an eye witness. Three of these people (Officer Robbins, Officer Beckmann and Brandenberg's neighbor) related hearsay statements regarding what they remembered Mr. Brandenberg telling them had occurred the night of the accident. The fourth person, the ambulance driver, did not speak with Mr. Brandenberg.

Officer Robbins had no present memory of whether Mr. Brandenberg had said that his wife had jumped or fallen from the van. However, he admitted making a statement to an investigator to the effect that Mr. Brandenberg had said that his wife threw some beer out of the van, said I can't take it, and out she went. Officer Beckmann and the neighbor recalled Mr. Brandenberg saying his wife threw some beer out of the van, then the next thing she was gone. The ambulance driver remembered someone saying Mrs. Brandenberg had jumped from the van.

The trial court found, inter alia:

2. That on May 16, 1981, at about 3 A.M., Plaintiff sustained a serious head injury when she fell from or jumped from said van when it was moving at a speed of from 40 to 45 miles per hour.

* * *

6. That the defendant has failed to prove, by a fair preponderance of the evidence, that the plaintiff jumped from the van, so as to exclude her from coverage under the insurance policy.

Judgment was entered for Brandenberg. No post-trial motions were made. Auto-Owners appeals from the judgment arguing that trial court finding number 6 is clearly erroneous. Brandenberg asks for the relief awarded by the trial court, attor-

---

1. The parties' attempt to stipulate which depositions the trial court was to consider as evidence was vague. Appellant told the trial court, during his opening statement, that the testimony of four specific individuals was "available to the court" "by way of deposition," and these depositions were in the court's file. After the parties rested, respondent's attorney stated: "Your Honor, perhaps the record should reflect that counsel have agreed that it would not be necessary for the defendant to call some witnesses whose depositions were taken, and the Court has the transcripts." He then objected to their use to the extent they impeached Mr. Brandenberg. (See footnote 2.)

On appeal the two parties refer to the depositions of only the two police officers and the ambulance driver although appellant refers to written material attached to depositions of several doctors whose depositions were in the court's file but were not specifically stipulated to be part of the trial record. Our review considers only the depositions of the four individuals specifically named by appellant's counsel.

We urge counsel to provide the trial court with specific, written stipulations listing depositions and exhibits to be considered by the court so that the content of the trial record is clear to the trial court and to an appellate court.

ney's fees involved in the preparation of the appeal, plus costs and disbursements.

## ISSUE

Was the trial court clearly erroneous in finding that appellant did not meet its burden of proof that respondent intentionally injured herself by jumping from a moving motor vehicle?

## ANALYSIS

In reviewing a trial court finding we are limited in our scope of review:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. * * *

Rule 52.01, Minn.R.Civ.Pro.

Appellant contends that this court should independently review, de novo, depositions and written statements and records attached to depositions, as written or documentary evidence.[2] *See In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976).

█ The type of written evidence involved in this case does not qualify as documentary evidence which we may independently evaluate. First, the depositions offered here as evidence do not constitute substantive evidence on the fact issue of whether Mrs. Brandenberg jumped or fell from the van. None of the deposed parties observed the accident; three of the parties asked Mr. Brandenberg how the accident happened. These hearsay statements may only appropriately be used to impeach the testimony of Mr. Brandenberg; they do not help appellant meet its burden of proving that Mrs. Brandenberg intentionally jumped from the van. *See State v. Sapo-*

*ren*, 205 Minn. 358, 361, 285 N.W. 898, 900 (1939) (cited with approval in *State v. Marchand*, 302 Minn. 510, 511, 225 N.W.2d 537, 538 (1975)).

█ Second, appellant is urging this court to consider, as written or documentary evidence, material that is not in the trial record. This "evidence" consists of statements not offered as exhibits at trial or at the stipulated depositions. Appellant specifically relies on the following: statements purportedly made to an investigator who did not testify and was never identified; an accident report purpotedly prepared by a, county sheriff who did not testify and who apparently was not at the scene of the accident; and hospital and other medical notes and reports which contained statements made by parties who did not testify and whose source of information is not known. This material was used at various depositions, including depositions not stipulated to by the parties, or at trial to refresh or impeach the recollection of deposed parties or Mr. Brandenberg. Since it is not part of the trial record, this written material is not "documentary evidence" and may not be relied on as substantive evidence on this appeal.

█ The only substantive evidence in this case was the testimony of Mr. Brandenberg and he testified that he does not know how his wife ended up in the ditch. Any evidence which impeaches his testimony does not help establish appellant's case that Mrs. Brandenberg intentionally injured herself by jumping from the van. In any event, the trial court made a mixed finding of fact and law that appellant failed to meet its burden of proof.

## DECISION

█ The trial court finding that appellant failed to meet its burden of proof that

---

2. Respondent argued at trial that the depositions should not be allowed to impeach Mr. Brandenberg since appellant called him as its own witness and failed to demonstrate it was surprised by his testimony. Respondent cites *Colby v. Gibbons*, 276 N.W.2d 170, 176 (Minn. 1979), in support of her position.

The surprise doctrine has been superceded by Rule 607, Minn.R.Evid. which permits any party to attack the credibility of a witness. Only in cases tried before July 1, 1977, the effective date of the rules, does the surprise doctrine still apply. *State v. Kost*, 278 N.W.2d 46, 48 (Minn. 1979). *Colby* was tried in June 1977. *Colby*, 276 N.W.2d 170.

respondent intentionally injured herself by jumping from a moving motor vehicle is not clearly erroneous.

Attorney's fees on appeal are disallowed.

Affirmed.