Bruce FRANKE, Petitioner, Respondent,

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY,**
Appellant.

No. C0–87–2015.

Court of Appeals of Minnesota.

March 29, 1988.

Review Denied May 25, 1988.

Thomas J. Lyons, Lyons & Associates, St. Paul, for petitioner, respondent.

Owen L. Sorenson, Stringer, Courtney & Rohleder, Ltd., St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, C.J., and SEDGWICK and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Farm Bureau Mutual Insurance Company appeals the judgment entered pursuant to an arbitration award. The trial court denied Farm Bureau's motions to vacate the award.

## FACTS

On June 15, 1985, respondent Bruce Franke was a passenger in an uninsured car driven by Brett Beneke. Beneke's vehicle collided with another vehicle; the two adults in the other vehicle died. Franke received numerous injuries. Franke's uninsured motorist protection was through appellant Farm Bureau Mutual Insurance Co. (Farm Bureau).

The Farm Bureau insurance policy provides uninsured motorist coverage:

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

\* \* \* \* \* \*

Two questions must be decided \* \* \*:

1. Does the owner or driver of the uninsured motor vehicle legally owe the insured damages; and

2. If so, in what amount?

[T]hese questions shall be decided by arbitration upon written request of the insured or [Farm Bureau]. Each party shall select a competent and impartial arbitrator. These two shall select a third one. \* \* \* The written decision of any two arbitrators shall be binding on each party.

\* \* \* The arbitration shall take place in the county of the insured \* \* \*. State court rules governing procedure and admission of evidence shall be used.

The arbitration panel consisted of Farm Bureau's appointment (James M. Shultz), a neutral arbitrator appointed by the court (Oliver Oddan), and Franke's arbitrator,

Stephen Eckman. At the time of the arbitration, arbitrator Eckman was representing Thomas Lyons (Franke's attorney) in a wrongful death suit involving the death of Mr. Lyons' son. This fact was not disclosed to Farm Bureau, and it did not learn of the relationship until after the arbitrators had issued their decision.

*The arbitration*

Farm Bureau contends the parties came to an agreement regarding the scope of the arbitration. Farm Bureau argued, in an affidavit to the trial court:

That at the commencement of the arbitration hearing \* \* \*, the parties in the presence of the arbitrators and with the arbitrators discussed the issue of whether the award should be discounted to present value pursuant to Minnesota Statute 604.07 (Tort Reform Law). It was [Franke's] position that discounting did not apply to arbitration awards. It was Farm Bureau's] position that discounting did apply to arbitration awards. It was determined that the arbitrators would *not* do any discounting of the award and that the issue was one for determination by the courts.

The arbitrators returned a majority award, with Farm Bureau's arbitrator dissenting. The majority award stated:

1. That the uninsured driver, Brett Beneke, was negligent in the operation of his motor vehicle \* \* \* and that such negligence was a proximate cause of injuries sustained by Bruce Franke.

\* \* \* \* \* \*

2. That the present value of the damages suffered by Mr. Franke, exclusive of medical benefits, is the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars to the Claimant Bruce Franke as and for his damages under the uninsured motorist coverage provided by Farm Bureau.

The dissenting arbitrator also filed his opinion:

In this Arbitrator's opinion, Claimant failed to prove the uninsured motorist was negligent, and also dissents from the amount of the award.

Franke then moved to confirm the award in district court. In response, Farm Bureau objected on the basis of the alleged "evident partiality" of arbitrator Eckman, and alleged conduct prejudicing Farm Bureau's rights.

The court granted Franke's motion to confirm the award, thereby denying Farm Bureau's motion to vacate or modify the award. In doing so, the court's memorandum indicates Farm Bureau should have requested disclosure which might have revealed any potential conflict on the part of the arbitrators prior to the matter's submission. The court also found Farm Bureau had not made a showing that there was any actual bias or prejudice on the part of the arbitrators.

The court also indicated that Farm Bureau requested a reduction in the amount awarded pursuant to the Tort Reform Act's provisions for discounting damages to present value, Minn.Stat. § 604.07 (1986) (hereafter "discount statute"). The court held:

> [The discount statute] clearly refers only to awards made in trial and does not refer to arbitrators' awards.
>
> The arbitrators indicated that the award is for the "present value" of future damages.

After judgment was entered, Farm Bureau made a motion to vacate or amend the judgment based on the following grounds: That the discount statute was unconstitutional as applied; that the award was illegal; and that the discount statute applies to arbitration awards and must be calculated by a court. The trial court denied the motion.

## ISSUES

1. Did the arbitrators exceed the scope of the arbitration agreement?

2. Did the relationship between respondent's attorney and the third arbitrator establish statutory grounds for vacation of the arbitration?

## ANALYSIS

1. Minnesota has adopted the Uniform Arbitration Act Minn.Stat. § 572.08–.30 (1986). In the absence of a contrary agreement between the parties, written agreements to arbitrate are interpreted with reference to the Uniform Arbitration Act. *Wacker v. Allstate Insurance Co.*, 312 Minn. 242, 248, 251 N.W.2d 346, 349 (1977). The public policy behind arbitration is to facilitate and encourage the settlement of disputes by providing a speedy, informal, and inexpensive procedure for resolving controversies. *Carlstrom Construction Co. v. Independent School District No. 77*, 256 N.W.2d 479, 483 (Minn.1977). Contract law principles "clearly apply to arbitration agreements." *Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646, 648 (Minn.1987).

■ An arbitrator's decision may be vacated only upon proof of statutory grounds. *AFSCME Council 96 v. Arrowhead Regional Corrections Board*, 356 N.W.2d 295, 299 (Minn.1984). The party seeking to overturn an arbitration award has the burden of making a clear demonstration of the invalidity of the award. *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748, 750 (Minn.1984). Every reasonable presumption must be exercised in favor of finality and validity of the arbitrator's award. *Id.*

The statutory grounds for vacation of an award are found at Minn.Stat. § 572.19, subd. 1, one of which provides:

> Upon application of a party, the court shall vacate an award where:
>
> \*     \*     \*     \*     \*     \*
>
> (3) The arbitrators exceeded their powers.

Only when the arbitrators have clearly exceeded their powers will the court vacate an award. *Carlstrom Construction Co. v. Ind. School Dist. No. 77*, 256 N.W.2d at 485 (Minn.1977).

Farm Bureau makes several arguments regarding the scope of the arbitration agreement.

A. Agreement by parties to limit scope of arbitration.

■ Appellant first relies on the purported agreement, contained in its affidavit to

the trial court, to limit the scope of the arbitration, and preserve the application of the discount statute for the court.

The only evidence of such an agreement is Farm Bureau's attorney's affidavit, which merely states such an agreement exists. The agreement was not reduced to writing. Franke's attorney denies entering into such an agreement. None of the arbitrators mention such an agreement, although they supposedly witnessed its consummation. The arbitration award, by its own terms, was reduced to present value, which directly contradicts Farm Bureau's contentions. Even the dissenting arbitrator did not argue the award went beyond the scope of the arbitration agreement. We agree with the trial court that this set of circumstances does not constitute evidence the arbitrators clearly exceeded their powers.

B. Policy language [1]: "State Court rules governing procedure" to be used.

■ Farm Bureau argues the policy's requirement that "state court rules governing procedure * * * shall be used" mandates that the trial court reduce the arbitration award to present value. Farm Bureau bases this belief on its perception that the arbitration panel was to act as a jury, and the court was to apply the discount law.

■ In the absence of any agreement limiting the arbitrator's authority, an arbitrator is the final judge of both law and fact. *State, by Sundquist v. Minnesota Teamsters Public and Law Enforcement Employees Union Local No. 320*, 316 N.W. 2d 542, 544 (Minn.1982). The arbitration agreement provides the arbitrators are to decide what is "legally owed" the insured. Rather than limit the arbitrators' authority,

the "legally owed" language indicates the arbitrators were to determine the law which applied. The arbitration panel found facts, and applied the law as it saw fit. It did not act beyond its contractual authority.

C. Equal protection of the laws.

Farm Bureau next argues it was denied equal protection of the laws. This is based on its perception that the trial court's ruling creates two distinct classes of litigants: those who pursue claims through the courts (and whose awards are reduced through application of the discount statute), and those whose claims are arbitrated (and whose awards are not discounted).

Farm Bureau is again questioning the authority of the arbitrators to decide questions of law; again, we are constrained to reviewing arbitration awards on statutory grounds, which do not include perceived errors of law on the part of the arbitration panel.

2. The trial court is also empowered to vacate an arbitration award where:

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party.

Minn.Stat. 572.19, subd. 1 (1986).

■ The arbitrator in dispute was appointed by Franke, he was not a "neutral"; the third arbitrator (appointed by the court) was the neutral. Farm Bureau argues that the evident partiality of arbitrator Eckman requires vacation of the arbitration award.

Farm Bureau relies on several cases for the proposition that, to vacate an award on the grounds of evident partiality, there need only exist an impression of possible

---

1. Appellant did not submit the policy into the trial court record, although he intended to do so by attaching it to an affidavit (the affidavit was submitted, but the policy was not attached). This court, however, may consider papers not filed with the trial court. When the evidence is documentary, essentially uncontroverted, and supports the result reached by the trial court, we may consider the evidence. *In re Objections and Defenses to Real Property Taxes for the 1980*

*Assessment,* 335 N.W.2d 717, 718 n. 3 (Minn. 1983). The language of the policy is uncontroverted. As it provides for a broad arbitration, it also supports the result reached by the trial court. We will, therefore, briefly address appellant's contract arguments, although we could reject them on the basis of appellant's failure to submit the policy into the record. *See Brandenberg v. Auto–Owners Insurance Co.,* 352 N.W.2d 97, 100 (Minn.Ct.App.1984).

bias on the part of an arbitrator appointed by the opposing party. The statute, however, provides only for vacation of an award based on the evident partiality of a *neutral* arbitrator. Case law supports this proposition. *See Egan & Sons Co. v. Mears Park Development Co.*, 414 N.W.2d 785, 786 (Minn.Ct.App.1987) (single arbitrator; evident partiality exists where prior dealings between the arbitrator and one of the parties "might create an impression of possible bias".); *Northwest Mechanical, Inc. v. Public Utilities Commission of Virginia*, 283 N.W.2d 522, 524 (Minn.1979) (neutral arbitrator involved in "dealings that might create an impression of possible bias".); *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 146, 89 S.Ct. 337, 338, 21 L.Ed.2d 301 (1968) (evident partiality on the part of the third arbitrator; other two arbitrators appointed by the parties).

Finally, appellant relies on *Safeco Insurance Co. of America v. Stariha*, 346 N.W. 2d 663 (Minn.Ct.App.1984), for a definition of what constitutes evident partiality within the meaning of the statute. In *Safeco*, this court adopted standards for arbitrators in accordance with the *Code of Ethics for Arbitrators in Commercial Disputes*. *Safeco* 346 N.W.2d at 667–68. Farm Bureau has not argued the evident partiality of the neutral arbitrator. While the standards adopted in *Safeco* may provide a definition of "evident partiality", the neutral arbitrator in this case is not being challenged.

The trial court found the conduct of arbitrator Eckman and his relationship to Franke's attorney did not prejudice the rights of appellant. Farm Bureau has not appealed this finding, so we need not consider it. *In re Estate of Murphy*, 269 Minn. 393, 401, 131 N.W.2d 220, 226 (1964).

## DECISION

The arbitrators did not exceed the scope of the arbitration agreement. The relationship between respondent's attorney and respondent's arbitrator did not constitute grounds for vacation of the arbitration panel's award under the Arbitration Act.

Affirmed.