737 F.Supp. 527 (1989)
Charlotte A. HOLMAN, Plaintiff,
v.
TRANS WORLD AIRLINES, INC., Defendant.
No. 88-1687C(1).
United States District Court, E.D. Missouri, E.D.
March 30, 1989.
*528 C. John Pleban, Greenberg & Pleban, St. Louis, Mo., for plaintiff.
John Renick and Fred Ricks, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Charlotte Holman originally filed a petition in the St. Louis County Circuit Court to vacate in part or, in the alternative, to modify an arbitration award entered by the Salaried Employees System Board of Adjustment of Trans World Airlines, Inc. (Board of Adjustment). Defendant Trans World Airlines, Inc. (TWA), removed the action to this Court on the basis of diversity of citizenship. This matter is now before the Court on defendant's motion for summary judgment.

Key Background Facts
Plaintiff was employed by TWA as a customer service agent-in-charge until March 2, 1987, when she was discharged for insubordination arising out of her failure to submit to a blood alcohol test. After her termination, plaintiff applied for unemployment benefits under the Missouri Employment Security Law. Mo.Rev.Stat. *529 §§ 288.010-288.500. On August 4, 1987, a hearing was held before the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal concluded that TWA failed to demonstrate that plaintiff was discharged for misconduct connected with her work. See Mo.Rev.Stat. § 288.050.2. The decision of the Appeals Tribunal was affirmed by the Labor and Industrial Relations Committee.
Plaintiff also filed a grievance, pursuant to the procedure set forth in TWA's Management Policy and Procedure Manual, contesting her discharge. She then appealed the denial of her grievance to the Board of Adjustment. On December 10, 1987, a hearing was held before the Board of Adjustment. Both parties were afforded full opportunity to present evidence, examine and cross-examine witnesses and to submit briefs. On April 18, 1988, the Board issued its written decision and awarded plaintiff reinstatement to employment without backpay but without loss of seniority.
Plaintiff filed this action seeking to vacate or modify the portion of the arbitration award regarding backpay. Defendant has filed a counterclaim requesting confirmation of the Board of Adjustment's decision and an award of attorney fees incurred in this action.

Summary Judgment Standard
In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R. Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2739 (1983).
Recently, the Supreme Court noted that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to `secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S.Ct. at 1355. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial'." Id. at 587, 106 S.Ct. at 1356. The Eighth Circuit has acknowledged that the "trilogy of recent Supreme Court opinions" demonstrates that the courts should be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc., 838 F.2d 268, 273 (8th Cir.1988).

Discussion
The parties agree that the issue of whether the decision of the Board of Directors should be confirmed, modified or vacated is governed by the Missouri Uniform Arbitration Act, Mo.Rev.Stat. §§ 435.350-435.470, rather than the Federal Arbitration Act.[1] The Missouri Uniform Arbitration *530 Act, which closely parallels the Uniform Arbitration Act, became effective August 13, 1980. Missouri adopted the Uniform Arbitration Act to provide parties with an expeditious and relatively inexpensive means of resolving disputes without litigation. State ex rel. Tri-City Construction Co. v. Marsh, 668 S.W.2d 148, 150 (Mo.App.1984); Western Waterproofing Co., Inc. v. Lindenwood Colleges, 662 S.W.2d 288, 291 (Mo.App.1983). To facilitate this purpose, the Court's review of an arbitrator's award is limited to the grounds set forth in Missouri Revised Statutes Sections 435.405 and 435.410 for vacating, modifying or correcting the award. The Court may not substitute its judgment for that of the arbitrators, and may not refuse to confirm the award merely because it would have ruled differently. Daniel Construction Co. v. Int'l Union of Operating Engineers, 738 F.2d 296, 299 (8th Cir.1984); Koranda v. Austin Mutual Ins. Co., 397 N.W.2d 357, 360 (Minn.App.1986).[2] The party challenging the arbitration award is not entitled to have a reconsideration of the merits of the dispute, Daniel Construction Co., 738 F.2d at 299, and has the burden of demonstrating the invalidity of the award. Franke v. Farm Bureau Mutual Ins. Co., 421 N.W.2d 406, 408 (Minn.App.1988); Thomas v. Howard, 51 N.C.App. 350, 276 S.E.2d 743, 745 (1981). In the absence of statutory grounds for vacating or modifying the award, the Court must confirm the award. Mo.Rev.Stat. § 435.400.
Plaintiff's first contention is that the Board of Adjustment exceeded its powers by failing to give collateral estoppel effect to the decision of the Missouri Division of Employment Security. Mo.Rev. Stat. § 435.405.1(3). An arbitrator's scope of authority is determined by the arbitration agreement.[3] An arbitration award will only be vacated if the arbitrators clearly exceeded their authority by deciding matters which were beyond the scope of the arbitration agreement or which clearly were not submitted to them. Wilcox Co. v. Bouramas, 73 Ill.App.3d 1046, 29 Ill.Dec. 641, 644-45, 392 N.E.2d 198, 201-02 (1979). See generally Comment, The Uniform Arbitration Act in Missouri, 46 Mo.L.Rev. 627, 647-49 (1981).
Plaintiff does not contend that the Board of Adjustment acted in a manner beyond the scope of its authority under the arbitration provisions and does not challenge the Board's authority to decide the collateral estoppel issue. Rather, plaintiff argues, in essence, that the Board committed an error of law by failing to give collateral estoppel effect to the decision of the Missouri Division of Employment Security. A "mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers." Lorenzini v. Group Health Plan, Inc., 753 S.W.2d 106, 108 (Mo.App.1988). Therefore, plaintiff's first contention, which challenges the correctness of the Board's collateral estoppel ruling rather than the Board's authority to decide the issue, is rejected.
Plaintiff's second contention is that the Board of Adjustment exceeded its powers by disregarding her contention that the drug and alcohol policy promulgated by TWA was unconstitutional. The Board of Adjustment did not disregard plaintiff's challenge to the constitutionality of TWA's drug and alcohol policy. Instead, the Board determined that it had no authority to review the propriety of the company policy. By reaching this conclusion, the Board recognized the limitations upon its authority imposed by the arbitration provision prohibiting the Board from entering an award which is "inconsistent with or contrary to established policy." Section F(5)(j) of TWA's Management Policy and Procedure Manual. Therefore, the Board *531 clearly did not exceed its powers, but acted within the scope of its authority, in refusing to examine the constitutionality of the company policy.
Plaintiff's next contention is that the Board's decision should be vacated because of the impartiality of the arbitrator appointed by defendant. Plaintiff argues that the TWA grievance procedure, which permits each party to appoint one arbitrator as a partisan member of the Board of Adjustment and permits the grievant to select a third member as a neutral arbitrator, violates the spirit of the Missouri Uniform Arbitration Act. However, the Missouri statute provides for vacation of an award only when "[t]here was evident partiality by an arbitrator appointed as a neutral". Mo.Rev.Stat. § 435.405.1(2); see Franke, 421 N.W.2d at 409-10 (rejecting challenge to arbitrator who was not appointed as a "neutral"); Thomas, 276 S.E.2d at 745 (no statutory relief when there is partiality by an arbitrator not appointed as a neutral). Because the arbitrator challenged by plaintiff was not appointed as a neutral arbitrator, the arbitration award cannot be vacated on this basis. Moreover, plaintiff was aware that the grievance procedure provided for appointment of partisan members to the Board and made no objection to this procedure until after the award was issued. By accepting the arbitrator and by proceeding with the arbitration process, with full knowledge of the arbitrator's relationship to defendant, plaintiff waived any objection with respect to the impartiality of the arbitrator. Thomas, 276 S.E.2d at 746; see 6 C.J.S., Arbitration §§ 60, 66 (1975).
Finally, plaintiff contends that the Board's refusal to award her backpay was arbitrary and capricious and not based upon substantial and competent evidence. As noted above, mistakes of law or errors in judgment are not grounds for vacating an arbitration award. See Lorenzini, 753 S.W.2d at 108; see also Int'l Brotherhood of Electrical Workers, Local 1400 v. Citizens Gas & Coke Utility, 428 N.E.2d 1320, 1325 (Ind.App.1981). Even if the Court disagreed with the merits of the Board's decision, this would not be a proper basis for vacating the award. Koranda, 397 N.W.2d at 360. The Court concludes that plaintiff has failed to present a statutory basis for vacating or modifying the arbitration award. Therefore, defendant is entitled to confirmation of the award and summary judgment in its favor.
Defendant argues that it is entitled to recover attorney fees incurred in defending this action. Attorney fees generally are not awarded to the prevailing party in federal litigation unless authorized by statute or warranted by the bad faith, wanton or vexatious conduct of the losing party. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-60, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975); Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, 706 F.2d 228, 232 (8th Cir.1983) (en banc). There is no statutory[4] or contractual provision that would allow for an award of attorney fees in this case. There also is no evidence of bad faith, vexatious or wanton conduct on the part of plaintiff that would bring this case within the limited exception to the general rule. Therefore, defendant's request for attorney fees is denied.
NOTES
[1] The Federal Arbitration Act does not apply to "contracts of employment of ... workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The courts have construed this statutory exclusion as applying to transportation industry workers. Miller Brewing Co. v. Brewery Workers Local Union No. 9, 739 F.2d 1159, 1162 (7th Cir.1984), cert. denied, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985); Malison v. Prudential-Bache Securities, Inc., 654 F.Supp. 101, 104 (W.D.N.C.1987).
[2] In the absence of Missouri precedent on a particular issue, the Court may look to the construction given to the Uniform Arbitration Act by other states.
[3] Section F(5)(j) of TWA's Management Policy and Procedure Manual sets forth the authority of the Board of Adjustment as follows:

The Board has the authority to issue any award that the Board feels appropriate; however, such award must not be inconsistent with or contrary to established policy.
[4] Although the Missouri Uniform Arbitration Act contains a provision allowing for an award of costs, Mo.Rev.Stat. § 435.415, the provision does not provide for an award of attorney fees.