**Laura Lea (Tate) DIXON, Plaintiff–Appellant,**

**v.**

**Urban TATE, Defendant–Respondent.**

**No. 17151.**

Missouri Court of Appeals, Southern District, Division Two.

June 7, 1991.

Brad D. Eidson, Houston, for plaintiff-appellant.

No defendant-respondent's brief filed.

FLANIGAN, Chief Judge.

This multi-phase proceeding originated in 1985 as an action for dissolution of marriage filed by Laura Lea Tate, now Laura Lea Tate Dixon, against her then husband, Urban Tate. The parties will be referred to by their first names.

Although duly served with process, Urban defaulted. On November 19, 1985, the court, after an evidentiary hearing, entered

its judgment which dissolved the marriage and awarded Laura monthly maintenance of $600 and monthly child support of $250.

In November 1987, Laura filed a "Motion for Contempt," alleging that Urban had willfully refused to pay maintenance and was delinquent in the sum of $12,800. Urban filed an answer to Laura's motion, in which he alleged, among other things, that the judgment of November 19, 1985, was voidable because it was obtained by fraud on the part of Laura in that Laura "intentionally misinformed [Urban] as to the intended date for trial, and when Urban traveled to the Texas County Circuit Courthouse in Houston, Missouri, for the trial date, he was informed by the clerk that the evidence as to the dissolution had already been presented several days ago and the dissolution had already been granted." The answer also alleged that Laura had given false testimony at the November 19, 1985, hearing. Urban's answer requested the court to overrule Laura's motion for contempt and to invalidate the judgment of November 19, 1985.

In March 1988, an evidentiary hearing was held before Judge Douglas Long, but no new judgment was entered. In November 1988, Laura filed another motion for contempt. On December 29, 1989, for reasons not shown by the record, the case was assigned to Judge B.B. Turley. By agreement of counsel, the case was submitted to Judge Turley, based upon the evidentiary hearing held before Judge Long.

On August 6, 1990, the court entered judgment finding "there was a fraud practiced by plaintiff upon this court in an effort to obtain and obtaining a judgment for child support and for maintenance." The judgment struck the child support and maintenance provisions of the judgment of November 19, 1985, affirmed the other portions of that judgment, and denied Laura's "Motion for Contempt." Laura appeals.

Laura contends that the trial court erred in striking the child support and maintenance provisions of the judgment of November 19, 1985, because there was insufficient evidence to support that ruling.

More specifically, Laura claims that there was no clear, cogent and convincing evidence of extrinsic fraud, and such evidence is indispensable if Urban's pleading is treated as an action in equity to set aside the maintenance and child support provisions of the November 19, 1985, judgment. Urban, as respondent here, has filed no brief.

Rule 74.06(b) [1] provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: ... (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Rule 74.06(c) provides, in pertinent part, that the motion shall be made within a reasonable time and, for reason (2) of subdivision (b) not more than one year after the judgment was entered. Rule 74.06(d) provides, in pertinent part: "This rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court."

Urban filed no attack upon the judgment of November 19, 1985, until more than two years after its entry. Accordingly, Urban's pleading seeking relief from that judgment does not qualify as a Rule 74.06(b) motion.

In *McKarnin v. McKarnin*, 795 S.W.2d 436, 440 (Mo.App.1990), the court said:

"Rule 74.06(b)(2) does not address an independent action in equity to set aside a judgment but only specifies a reason for which a court may vacate a judgment if a motion is filed under that subsection of the rule within one year after the entry of judgment. Only in that instance has the distinction between extrinsic and intrinsic fraud been eliminated. That rule does not affect an independent action in equity and Rule 74.06(d) retains the power of a court to entertain an independent action in equity to set aside a judgment for fraud upon the court. Equity exercises its power to vacate a

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

dissolution decree only on a showing of extrinsic fraud.... To abolish the distinction between intrinsic and extrinsic fraud in suits in equity to set aside a decree would result in the endless retrial of cases with the resultant uncertainty as to when a decree is final. Under Rule 74.06(b) the distinction has been abolished but motions under that rule must be filed within one year. Thus, a decree may be set aside for either intrinsic or extrinsic fraud if the motion is filed within one year of the date of the judgment. But after one year, the decree is subject to attack only by an independent action in equity on a showing of extrinsic fraud when the basis of relief is fraud."

■ Assuming that the parties and the trial court treated Urban's pleading as an independent action in equity, and assuming, but not deciding, that they could properly do so, this court holds that Urban failed to adduce sufficient evidence to entitle him to the relief granted by the judgment of August 6, 1990.

In *Bodine v. Farr*, 353 Mo. 206, 182 S.W.2d 173, 174 (1944), the court said:

"A judgment cannot be set aside on the ground of fraud unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered. * * *

Such a proceeding cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the original case. 'Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of case.'"

To similar effect see *Reis v. La Presto*, 324 S.W.2d 648, 653–654 (Mo.1959); *Drainage Dist. No. 1 Reformed v. Matthews*, 361 Mo. 286, 234 S.W.2d 567, 573[8–10] (Mo. 1950).

■ One who would establish extrinsic fraud must do so by clear, strong, cogent, and convincing evidence. *Vinson v. Vinson*, 725 S.W.2d 121, 124[8] (Mo.App.1987), and the complaining party must show "that he himself was free from fault, neglect, or inattention to his case." *McCarty v. McCarty*, 300 S.W.2d 394, 401 (Mo.1957); see *Vinson, supra*, at 124[11]. False testimony does not constitute extrinsic fraud. *Vinson*, at 124[9]; *In re Marriage of Brown*, 703 S.W.2d 59, 61 (Mo.App.1985); *F___ v. F___*, 333 S.W.2d 320, 323 (Mo. App.1960).

At the 1988 hearing before Judge Long, Urban offered no evidence in support of his claim that Laura intentionally misinformed him as to the trial date. Indeed, on direct examination by his own counsel, he made no mention of that claim. On cross-examination, Urban testified that on the evening of November 19, 1985, "some family member" told him that his divorce "had just transpired that day." He made no mention of any misinformation previously given him by Laura.

The judgment of August 6, 1990, cannot be sustained on the ground of intrinsic fraud because Urban's pleading did not qualify as a Rule 74.06(b) motion because of its untimeliness. That judgment cannot be sustained on the ground of extrinsic fraud because there was no evidence of fraud of that type.

The judgment of August 6, 1990, is reversed.

PARRISH, P.J., and SHRUM, J., concur.