Anne **VEJDANI**, Relator,

v.

**WESTERN TEMPORARY SERVICES, INC., Commissioner of Jobs and Training, Respondents.**

No. C8–91–2509.

Court of Appeals of Minnesota.

June 16, 1992.

James R. Coben, Hamline General Prac. Clinic, Saint Paul, for relator.

Lee B. Nelson, Saint Paul, for respondents.

Considered and decided by RANDALL, P.J., and KLAPHAKE and HARTEN, JJ.

### OPINION

RANDALL, Judge.

Relator Anne Vejdani obtained a writ of certiorari, seeking review of a decision by the Commissioner of Jobs and Training.

On appeal, Vejdani argues she should not be disqualified from receiving unemployment compensation as a result of her refusal to accept a job from respondent Western Temporary Services, Inc. ("Western Temporary"), for whom Vejdani had worked previously. We affirm.

## FACTS

Vejdani worked for Western Temporary for two weeks in July and August 1990, earning $8.75 per hour for a total of $520. Vejdani also worked for other temporary agencies in 1990. She worked for 14 weeks for Award Temporary, earning $3,836.56, and she worked for four weeks in Montana for Express Services, Inc., earning $574.75.

In late 1990, Vejdani began working for the University of Minnesota as a permanent full-time secretary. She worked four weeks for the University in 1990, and earned $3,181.50. Her work for the University continued into 1991, and she earned approximately $10,220 from the University in the first and second quarters of 1991. However, we note that 1991 is not part of the base year in issue.

Vejdani was laid off from the University for nondisqualifying reasons, and in April 1991, again worked one week for respondent Western Temporary, earning $350. Thereafter, Vejdani applied to the Department of Jobs and Training for unemployment compensation benefits, and that application for benefits was granted.

Sometime between April and June 1991, Vejdani accepted a two-week assignment from Peak Staffing, earning $432.00. On June 5, 1991, however, Vejdani refused an offer by Western Temporary of two days of employment paying $8.75 per hour. Vejdani testified that she refused Western Temporary's offer because she wanted to look for full-time work. She also testified that a Department employment counselor "had advised her" to seek permanent full-time work, and had cautioned her that temporary work could reflect on her benefits.

On September 19, 1991, a Department referee reversed the original award of benefits to Vejdani, concluding that she was disqualified from receiving benefits as a result of her refusal to accept Western Temporary's June 5 offer of employment. Vejdani appealed to a Commissioner's representative, who affirmed.

## ISSUE

Did the Commissioner's representative err by concluding that Vejdani's refusal of offered employment disqualified her from receiving unemployment benefits?

## ANALYSIS

An individual shall be disqualified [from receiving unemployment benefits] * * * if the commissioner finds that the individual has failed, without good cause, * * * to accept a base period employer's offer of reemployment offering substantially the same or better hourly wages and conditions of work as were previously provided by that employer in the base period.

Minn.Stat. § 268.09, subd. 2 (1990).

Vejdani's base period, upon which her entitlement rises and falls, is calendar 1990, January through December 31st. This is not in dispute. Western Temporary was one of Vejdani's base period employers. The work Western Temporary offered Vejdani in June 1991 was substantially the same as all of Vejdani's previous base period employment. Accordingly, the Commissioner's representative properly concluded Vejdani's refusal of the June 1991 employment disqualified her from receiving unemployment benefits.

Relator cites *Henry v. Dolphin Temporary Help Servs.*, 386 N.W.2d 277 (Minn. App.1986). The facts in *Henry* are distinguishable. In *Henry*, an employee was laid off from a full-time job where she had worked for 16 years. The employee went to Dolphin Temporary, and requested temporary work at NCR as a means of obtaining permanent work for NCR. While the employee was in between assignments at Dolphin Temporary, she applied for unemployment benefits. Dolphin subsequently offered the employee another temporary assignment at NCR, but she turned down the assignment, believing she had made

sufficient contacts with NCR and needed to spend time looking for full-time work.

The *Henry* court reversed the Commissioner's conclusion that the employee should have accepted Dolphin's offer of temporary work, and awarded the employee compensation benefits. The court stated:

> [U]nder the circumstances of the present case, the intent of the parties was "manifestly contrary to the notion of an ongoing employment relationship" with the temporary service. * * * Rather, the understanding of the parties was that Henry only wished to be assigned jobs at NCR in order to obtain permanent employment with NCR in her field of expertise.

*Id.* at 279 (citation omitted) (footnote omitted).

Here, unlike *Henry*, there is no evidence that Vejdani applied for temporary jobs only because she had been separated from permanent full-time employment and wished to obtain similar permanent employment. Rather, the record shows Vejdani had no employment until the third quarter of 1990, and when she began looking for work in 1990, she sought work from several temporary agencies. Vejdani earned a total of $4,931.31 from temporary agencies in 1990, as compared to $3,181.50 from full-time employment with the University. Thus, more than 50% of Vejdani's earnings in base year 1990 were from temporary employment. In addition, Vejdani worked 18 weeks for temporary agencies, but only four weeks in full-time employment with the University. Thus, approximately 81% of her time was spent in temporary employment. We also note that in 1991, Vejdani accepted two additional temporary assignments.[1]

The key in *Henry* to allowing the employee unemployment compensation benefits is that the court concluded that the temporary agency should not be considered a "base period employer." *Id.* at 279. In

*Henry,* exclusion of the temporary employment from consideration as "base period employment" did not affect the employee's claim for unemployment benefits. She had sufficient base period employment from her permanent employer to establish a valid claim for benefits. Here, recognition of Vejdani's 1990 temporary employment is vital for her to establish a valid claim for benefits. Vejdani may not include weeks of temporary employment for the purpose of establishing a valid claim for benefits, and then exclude an offer of temporary employment as "unsuitable." Vejdani was properly able to use temporary agency employment to establish a base year for benefits, but she then erred and cost herself her benefits by rejecting a bona fide offer of temporary employment.

## DECISION

The Commissioner's representative properly concluded that Vejdani refused a suitable offer of reemployment by a base period employer, thereby disqualifying her from receiving unemployment benefits.

Affirmed.

---

1. Although the evidence of Vejdani's other jobs was not made a part of the record, we may consider that evidence because it is documentary, uncontroverted, and supports the Commissioner's representative's decision. *See Franke v.* *Farm Bureau Mut. Ins. Co.,* 421 N.W.2d 406, 409 n. 1 (Minn.App.1988) (citing *In re Objections & Defenses to Real Property Taxes for the 1980 Assessment,* 335 N.W.2d 717, 718 n. 3 (Minn. 1983)), *pet. for rev. denied* (Minn. May 15, 1988).