R.L. HULETT & COMPANY, etc.,
Plaintiff–Respondent,

v.

Lyn BARTH and Millie Barth,
Defendants–Appellants.

No. 65315.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 19, 1994.

Application to Transfer Denied
Oct. 25, 1994.

David L. Campbell, St. Louis, for appellants.

Gary L. Vincent, Richard A. Yawitz, Ziercher & Hocker, Clayton, for respondent.

CRANDALL, Judge.

Defendants, Lyn and Millie Barth, appeal from a circuit court judgment confirming an arbitration award in favor of plaintiff, R.L. Hulett & Company, etc. We affirm.

Plaintiff brought an action seeking compensation for services rendered to defen-

dants pursuant to a written contract between the parties. Defendants filed a motion to dismiss, claiming, among other things, that the circuit court lacked jurisdiction because the contract contained a binding arbitration clause. Ultimately the dispute was submitted to arbitration and an award was entered in favor of plaintiff.

Plaintiff then sought confirmation of the arbitration award in the circuit court. *See* § 435.400, RSMo 1986. Defendants filed a motion to strike the award, alleging it was procured through fraudulently prepared documents and perjured testimony. Defendants also argued that plaintiff was not a registered broker or dealer and therefore the contract which provided for plaintiff to market securities was illegal and void because it violated Missouri Blue Sky Laws. § 409.101, et seq., RSMo 1986.

■■■ The trial court granted defendants' request for a hearing, but limited the evidence to the issue of extrinsic fraud in the procurement of the arbitration award.[1]

We first consider defendants' claim that the trial court erred in excluding evidence and overruling defendants' offer of proof that plaintiff procured the award by means of intrinsic fraud, to wit, fraudulently prepared documents and perjured testimony.

Plaintiff argues that arbitration awards should be treated the same as judgments and only be set aside upon proof of extrinsic fraud. *Stein v. Stein*, 789 S.W.2d 87, 93 (Mo.App.1990). We note that judgments can be set aside for fraud, extrinsic or intrinsic, within a reasonable length of time not to exceed one year. Rule 74.06(b). After one year, a judgment may be set aside for fraud only on proof of extrinsic fraud. *Dixon v. Tate*, 810 S.W.2d 366, 367–68 (Mo.App.1991). Here, defendants' motion to strike was filed within one year of the arbitration award.

We need not reach the issue, however, of whether evidence of intrinsic fraud at the arbitration hearing is admissible at a confirmation hearing. Assuming without deciding

such evidence is admissible in a confirmation hearing, we look to defendants' offers of proof to determine whether they offered such evidence and whether they were prejudiced by its exclusion. *See generally School District of Independence Missouri v. U.S. Gypsum Co.*, 750 S.W.2d 442, 454 (Mo.App.1988).

Defendants claim plaintiff presented two copies of the parties' agreement at the arbitration hearing—one being a fraudulent replica of the original contract. The alleged replica was signed by both plaintiff and defendants, while the original contract only displayed defendants' signatures. Defendants assert that plaintiff reproduced the original contract and signed the replica just before arbitration. Although plaintiff testified that the defendants signed both copies, defendants contend they signed only one and had never seen the other contract signed by plaintiff until the hearing. Defendants argue no valid agreement existed because plaintiff never signed the contract until arbitration.

■■■ Whether the original contract was ever signed by plaintiff, however, is not material. The contract was enforceable without plaintiff's signature. An offer must be sufficiently specific on the terms of the contract so that, upon its acceptance, a court may enforce the contract so formed. *Around the World Importing, Inc. v. Mercantile Trust Co., N.A.*, 795 S.W.2d 85, 90 (Mo.App.1990). The record shows that plaintiff's "letter of agreement" was sufficiently specific and definite in its terms so as to constitute an offer by plaintiff. Defendants accepted the offer by signing the contract.

Further, although a written document is not signed, when one party accepts the other party's performance, it gives validity to the instrument and imposes on the accepting party the obligations provided by the agreement. *HDH Development and Realty Corp. v. Smith*, 717 S.W.2d 274, 277 (Mo.App.1986); *Leonard v. Bennett*, 674 S.W.2d 123, 127 (Mo.App.1984). Defendants, then, also accepted the offer by accepting plaintiff's services. Likewise, plaintiff's intent to be

---

1. "Extrinsic" fraud means "fraud that induced a party to default or to consent to judgment against him", while "intrinsic" fraud means "knowing use of perjured testimony or otherwise fabricated evidence." Restatement (Second) of Judgments Sec. 70, comment c (1982). *See also May Department Stores Co. v. Adworks, Inc.*, 740 S.W.2d 383 (Mo.App.1987).

bound by the agreement was evidenced by performing services pursuant to the contract. Defendants have failed to show how they were prejudiced by the trial court excluding the evidence of alleged fraud. Thus, the error, if any, did not materially affect the merits of the action. *See* Rule 84.13(b).

Defendants also claim that plaintiff's bill for services submitted during the arbitration hearing contained several false entries. The review of an arbitrator's award is limited to the grounds set forth in § 435.405 and § 435.410, RSMo 1986, for vacating, modifying, or correcting the award. *Holman v. Trans World Airlines, Inc.*, 737 F.Supp. 527, 530 (E.D.Mo.1989). Defendants base their argument on § 435.405(1), RSMo 1986, which states that "the court shall vacate an award where the award was procured by corruption, fraud or other undue means."

An arbitration award, regular on its face, not the result of fraud or collusion, finally concludes and binds the parties on the merits of all matters properly within the scope of the award, both as to law and facts, and the courts will have no inquiry as to whether the determination thereon was right or wrong, for the purpose of interfering with the award. *Masonic Temple Ass'n of St. Louis v. Farrar*, 422 S.W.2d 95, 109 (Mo. App.1967). The party challenging the award is not entitled to have the merits of the case reconsidered, and has the burden of demonstrating the invalidity of the award. *Holman*, 737 F.Supp. at 530. Implicit in the arbitrator's award was a finding in favor of plaintiff on these issues. To permit a de novo review of the evidence would eviscerate the arbitration process as an expeditious method of resolving disputes. Defendants' offer of proof at the confirmation hearing indicated inaccurate billing entries. That evidence, without more, does not rise to the level of fraud. The trial court did not err in excluding the evidence. Defendants' point is denied.

We have reviewed defendants' remaining point relating to the exclusion of evidence regarding a possible violation of the Missouri Blue Sky Laws. Sections 409.102, 409.201, 409.411(f), RSMo 1986. No error of law appears. An opinion on that point would have no precedential value. The point is denied. Rule 84.16(b).

The judgment of the trial court is affirmed.

AHRENS, P.J., and CRIST, J., concur.