Paul G. LORENZINI, et al.,
Plaintiffs–Respondents,

v.

GROUP HEALTH PLAN, INC.,
Respondent–Appellant.

No. 54011.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1988.

Amy Rehm Hinderer, Robert E. McWilliams, Jr., Lashley, Baer & Hamel, St. Louis, for respondent-appellant.

Arthur Michael Sullivan, Hiram W. Watkins, Jr., Clayton, for plaintiffs-respondents.

CRANDALL, Judge.

This is an appeal by Group Health Plan, Inc. (GHP) from a Circuit Court judgment confirming an award made by an arbitrator in a contract dispute involving a lease for real estate between tenant, GHP, and landlords, Paul G. Lorenzini and Laverne S. Lorenzini. We affirm.

Preliminarily, we note that a hearing was held before the arbitrator. Neither GHP nor landlords requested that a transcript be made of that proceeding. There is no stipulation of the facts by the parties. The record before this court consists of the written lease agreement and other pertinent documents. We therefore take the facts as set forth in the arbitration award as correct, including any conclusions or inferences reasonably drawn by the arbitrator from those facts. As a result, some of the "facts" set forth in the briefs are not supported by the record as we define it.

We next consider the scope of our review. The purpose of arbitration is to afford parties the opportunity to reach a final disposition of their differences in an easier, more expeditious manner than by litigation. *Western Waterproofing Co., Inc. v. Lindenwood Colleges,* 662 S.W.2d 288, 291 (Mo.App.1983). In order to facilitate this purpose, judicial review of arbitration awards is limited. *Id.* Section 435.405.1, RSMo (1986) provides that an arbitration award may be vacated where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 435.-370, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 435.-355 and the party did not participate in the arbitration hearing without raising the objection. . . .

The facts, as gleaned from the record before us, are that, on January 23, 1986, GHP and landlords entered into a lease of real property. Landlords purchased a tract of land, made site improvements, and constructed a building for use as a medical care facility in accordance with plans and specifications furnished by GHP. Section 4.4 of the Lease provided, among other things, a base rental of $171,450 per annum, subject to certain adjustments:

Base Rent shall be adjusted upon completion of Landlord's Work to the extent that, if the cost of Landlord's Work is less than $1,073,582.00, Base Rent shall be reduced by $127.00 per annum for each $1,000.00 reduction in the cost of Landlord's Work and if the cost of Landlord's Work shall have increased as a result of changes requested by Tenant pursuant to Section 3.1 of this Lease, or as a result of providing a sidewalk adjacent to West Florissant Road and pay-

ment of an impact fee of $12,000 as required by the St. Louis County Planning Commission, Base Rent shall be increased by $127.00 per annum for each $1000.00 increase in the cost of Landlord's Work....

On February 12, 1986, the parties signed what is styled "First Amendment to Lease." Paragraph 2 of that document provided for the deletion of the original Section 4.4 and the substitution of a new section, also to be known as Section 4.4. The amended Section 4.4 provided in pertinent part:

Base Rent shall be adjusted upon completion of Landlord's Work to the extent that, if the cost of Landlord's Work is less than $1,191,000.00, Base Rent shall be reduced by $127.00 per annum for each $1,000.00 reduction in the cost of Landlord's Work and if the cost of Landlord's Work shall have increased as a result of changes requested by Tenant pursuant to Section 3.1 of this Lease, or as a result of providing a sidewalk adjacent to West Florissant Road and payment of an impact fee of $12,000 as required by the St. Louis County Planning Commission, Base Rent shall be increased by $127.00 per annum for each $1,000.00 increase in the cost of Landlord's Work.

After GHP's occupancy of the building, the parties could not agree upon the amount of the adjustment to be added to the base rent. The parties submitted their dispute to arbitration. The resolution of the dispute involved the allowance or nonallowance of costs incurred by landlords' work as well as the determination of whether the base rent of the original Section 4.4 or that of the amended Section 4.4 controlled. Landlords claimed that the amount of the annual rent was $230,353.87; GHP claimed the annual rent was $195,300.65.

The arbitrator allocated certain costs to landlords' work. The arbitrator ruled that Section 4.4 of the amended lease was a nullity. The rent was calculated in accordance with Section 4.4 of the original lease. The arbitrator's calculations resulted in a rent increase of about $15,000 per year over the ten year term of the lease, for a total of $150,000.

In its first point, GHP challenges that portion of the arbitrator's award which found that the first amendment to the lease was a "nullity with respect to the attempt therein to change the base rent floor amount from $1,073,582 to $1,191,000 because of the absence of any intent on the part of [landlords] to change the rent formula and rate of return on their investment from that negotiated...." GHP asserts that the arbitrator exceeded his powers in finding the amendment a nullity because he gave a "totally irrational construction to the contractual provision in dispute and, thus, [made] a new contract for the parties."

Here, GHP, in its demand for arbitration, listed the nature of the dispute between the parties as follows: "Rent; Base Rent; Adjustments to Base Rent." The arbitrator declared as null and void the amended lease provision which was pertinent to the issues in dispute. The arbitrator found that the amended provision did not reflect the intent of the parties and that the provision was, by inference, unclear and ambiguous.

■ Whether the arbitrator's interpretation of the lease agreement was right or wrong is irrelevant. An arbitrator's mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers. *Western Waterproofing*, 662 S.W.2d at 291. In addition, the lack of a transcript of the hearing before the arbitrator precludes our review of GHP's claim that the arbitrator's construction of the lease provision was "irrational."

■ It was within the purview of the arbitrator's powers to clarify what he considered to be an ambiguity in the lease agreement and to effectuate the intent of the parties. To resolve the question of the amount of annual rent due, it was necessary for the arbitrator to determine the validity of the amended provision and then to calculate the yearly rent pursuant to the controlling lease provision. Clearly, the ar-

bitrator did not exceed his powers in declaring the amended provision a nullity. GHP's first point is denied.

In its second point, GHP contends that the arbitrator exceeded his powers by failing to grant a remedy *within* the express terms of the agreement between the parties in lieu of finding a provision of the lease null and void, relief which was outside the terms of the agreement. This point is, in essence, a variation on the argument presented in the preceding point. In that point, we determined that it was within the powers of the arbitrator to declare the amended lease provision a nullity in order to resolve the dispute over the amount of annual rent due. A thorough discussion was provided under Point I of this opinion. GHP's second point is denied.

 In its third point, GHP claims that the trial court erred in confirming the arbitrator's award because the arbitration notice failed to state that landlords were seeking a nullification of a provision of the amended lease. We disagree. The demand for arbitration identified the matters to be resolved as rent, base rent, and adjustments to the base rent. The parties intended to, and did, arbitrate those issues. The arbitrator's award addressed the subject matter of the arbitration in reference to the written lease agreement between the parties. GHP's resultant surprise at the arbitrator's final ruling is not a basis for invalidating the award. Again, the lack of a complete record on appeal forecloses our review of the evidence presented at the hearing. GHP's third point is denied.

In its fourth point, GHP argues that the trial court erred in affirming the arbitrator's award because no evidence was produced at the arbitration hearing to support the challenged finding of the arbitrator. It is axiomatic that, in order to review the sufficiency of the evidence, it would be necessary to examine the evidence which was adduced at the hearing. There is no transcript of the arbitration proceeding. An incomplete record of the evidence presented to and considered by the arbitrator precludes appellate review of whether that evidence was sufficient to support the arbitrator's award. GHP's fourth point is denied.

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.