**WESTRIDGE INVESTMENT GROUP, L.P., John R. Ferguson and The Ferguson Group, Appellants,**

v.

**Charles D. McATEE, Respondent.**

**No. WD 54696.**

Missouri Court of Appeals, Western District.

May 5, 1998.

David H. Cook, Stewart, Cook, Constance, Stewart & Minton, L.L.C., Independence, for appellants.

Phillip B. Grubaugh, Deacy & Deacy, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and SMART and LAURA DENVIR STITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Westridge Investment Group, L.P., John R. Ferguson, and the Ferguson Group (Appellants) appeal the trial court's denial of their motion to vacate an arbitration award entered in favor of Charles McAtee and the court's confirmation of the award. Appellants claim that the award should have been vacated because the arbitrator exceeded his powers. The judgment of the trial court is affirmed.

### Facts [1]

In July 1987, Charles McAtee invested $27,500 in Westridge Investment Group, L.P., a real estate limited partnership in which John Ferguson was the only general partner. The partnership was to develop a retirement community in the metropolitan Kansas City area. Mr. McAtee's investment was documented by an agreement entitled OFFER TO PURCHASE INTEREST IN REAL ESTATE PARTNERSHIP (OFFER). In the OFFER, Mr. McAtee offered to purchase a 2% participation in the partnership and to loan the partnership $25,000. The offer was accepted by John Ferguson as general partner on July 27, 1987. A promissory note in the amount of $25,000 was executed by Mr. Ferguson in conjunction with the OFFER on the same day. Mr. McAtee did not receive a copy of the Limited Partnership Agreement until sometime after the OFFER and promissory note were executed. In fact, whether the Limited Partnership Agreement even existed on July 27, 1987, is unclear.

Mr. McAtee never received any interest or principle payments on the note from the partnership or Mr. Ferguson. Pursuant to an arbitration clause contained in the Limited Partnership Agreement, Mr. McAtee requested arbitration on the issue of Mr. Ferguson's individual liability on the promissory

---

1. The arbitration proceeding was not transcribed, and no stipulation of the facts by the parties was prepared; therefore, the facts set forth in the arbitration award are taken as true.

*Estate of Sandefur v. Greenway*, 898 S.W.2d 667, 668 (Mo.App.1995); *Lorenzini v. Group Health Plan, Inc.*, 753 S.W.2d 106, 107 (Mo.App.1988).

note. Section 14.01 of the Limited Partnership Agreement provided, in pertinent part:

> *Arbitration.* Any dispute, controversy or claim arising out of or in connection with, or relating to, the [Limited Partnership] Agreement or any breach or alleged breach thereof ... shall upon the request of any party involved, be submitted to and settled by arbitration in the city of Kansas City, state of Missouri, pursuant to the rules then in effect of the American Arbitration Association.

No objection was made by Mr. Ferguson to arbitration. Following a hearing on the issue, the arbitrator entered an award in favor of Mr. McAtee finding that Mr. Ferguson was individually obligated under the terms of the promissory note. Appellants filed a motion to vacate the award in the trial court claiming that the arbitrator exceeded his authority under section 435.405.[2] The trial court denied Appellants' motion to vacate and confirmed the award. This appeal followed.

### Arbitrator's Authority

■ In their sole point on appeal, Appellants claim that the trial court erred in denying their motion to vacate the arbitration award under section 435.405. They contend that the arbitrator exceeded his authority in entering the award by failing to comply with the provisions of the Limited Partnership Agreement. Specifically, they contend that (1) the promissory note merged into a capital contribution and under the Partnership Agreement, Mr. McAtee was not entitled to a return of his capital contribution and (2) under the Partnership Agreement, Mr. Ferguson, as a general partner, had no individual liability.

■ Arbitration proceedings are favored and encouraged by the courts. *Estate of Sandefur v. Greenway,* 898 S.W.2d 667, 669 (Mo.App.1995). The function of arbitration is to provide a speedy, efficient, and less expensive alternative to court litigation. *Id.* Because arbitration is encouraged, every reasonable intendment is given in favor of an arbitration award. *Id.* Missouri has adopted the Uniform Arbitration Act (UAA).

§§ 435.350–435.470; *Sheffield Assembly of God Church, Inc. v. American Ins. Co.,* 870 S.W.2d 926, 929 (Mo.App.1994). The purpose of the UAA is to afford parties the opportunity to reach a final disposition of differences in an easier more expeditious manner than by litigation. *Id.* To facilitate this purpose, judicial review of arbitration awards is strictly limited. *Id.*

Section 435.405 sets forth the only grounds for which a circuit court may vacate an award. § 435.405.1. The statute provides:

> ■ Upon application of a party, the court shall vacate an award where:
>
> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or
>
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection;
>
> but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

*Id.* Appellants argue on appeal that the award should have been vacated because the arbitrator exceeded his powers, section 435.405.1(3). The powers of the arbitrator are set and defined by the contract to arbitrate. *Greenway,* 898 S.W.2d at 670. An arbitrator has the ability to settle legal as well as factual questions with little interference from the courts. *Id.* "[I]t is not the

---

**2.** All statutory references are to RSMo 1994 unless otherwise indicated.

**246**

function of the courts to determine if the arbitrator decided the grievance correctly, as long as the arbitrator, under the contract to arbitrate, acted within his jurisdiction." *Id.*

■■■ A party challenging an arbitration award is not entitled to reexamination of the merits of the dispute. *Id.* An arbitration award may not be set aside by a court on the ground that the court would have taken different action. *Id.* A mistake of law or fact is not sufficient reason to vacate an award. *Stifel, Nicolaus and Co., Inc. v. Francis,* 872 S.W.2d 484, 485 (Mo.App.1994). Section 435.405.1 provides that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." § 435.405.1.

In this case, the arbitration clause in the Limited Partnership Agreement provided that any dispute arising out of or in connection with the Agreement shall be submitted to and settled by arbitration. This clause defined the arbitrator's power as the power to settle any disputes arising out of the Partnership Agreement. The issue of whether Mr. Ferguson was individually liable on the promissory note was an issue in connection with the Limited Partnership Agreement, and the arbitrator had the power to resolve the issue.

The arbitrator interpreted the OFFER, the promissory note, and the Limited Partnership Agreement in deciding Mr. Ferguson's individual liability on the note. In making his award, the arbitrator found that the OFFER was ambiguous regarding application of the Limited Partnership Agreement, and, consequently, that the Partnership Agreement was not binding on the particular issue of Mr. Ferguson's liability on the note. Appellants argue that the arbitrator exceeded his powers by failing to comply with the pertinent provisions in the Limited Partnership Agreement. They argue that the capital contribution and the limited liability provisions contained in the Agreement prevented the award in favor of Mr. McAtee. Appellants argument, however, is not an argument that the arbitrator exceeded his authority. Instead, Appellants' complaint is with the arbitrator's interpretation and application of the provisions of Limited Partnership Agreement. Whether the arbitrator's interpretation of the Agreement was correct is irrelevant, and the Appellants are not entitled to reconsideration of the merits of the case. Even if the arbitrator's interpretation of the Agreement was erroneous, the interpretation would not constitute an act in excess of the arbitrator's powers. *Lorenzini v.Group Health Plan, Inc.,* 753 S.W.2d 106, 108 (Mo. App.1988). The interpretation of the Limited Partnership Agreement and the other documents in connection with the Agreement was within the purview of the arbitrator's powers. The arbitrator, therefore, did not exceed his powers in making the award. The trial court did not err in denying Appellants' motion to vacate or in confirming the award.

The judgment of the trial court is affirmed.

All concur.