**William P. CACHERIS, et al.,
Plaintiffs–Respondents,**

v.

**MAYER HOMES, INC., et al.,
Defendants–Appellants.**

No. 72188.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1998.

Devereux, Murphy, Striler, Brickey & Sher, L.L.C., Joseph F. Devereux, Jr., St. Louis, for defendants-appellants.

Matthew M. Moak, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

Mayer Homes, Inc. appeals from a trial court judgment confirming an arbitration award made by an arbitrator in a contract and warranty dispute involving contracts for purchase and sale of residences between homeowners and Mayer Homes.

Between January 1990 and January 1992, homeowners entered into sale and purchase contracts for new homes with Mayer Homes. The homes were built with M–21 insulated windows manufactured by The Jordan Companies (Jordan). Homeowners experienced difficulties with the windows. They experienced water leaking from the windows. During cold weather, water condensed on the windows and turned to ice preventing some of the windows from opening. Homeowners placed towels on the windowsills to soak up the water as the ice melted. The water leaks caused drywall stains.

Homeowners complained to Mayer Homes about the windows. Mayer Homes responded that the problem was disclaimed in its H.O.W. warranty. Homeowners received a H.O.W. warranty at the closing. It addresses "condensation and/or frost on windows" as a possible deficiency in a new home. It assigned responsibility for the deficiency to the homeowner unless directly attributed to faulty installation. The deficiency requires no corrective action to be taken by the builder. At closing, homeowners also received a five-year warranty from Jordan, the window manufacturer. The warranty covers "material obstruction of vision resulting from film formation or dust collection between the interior glass surface of insulating glass." The Jordan warranty did not cover condensation, ice build-up and melting problems.

On July 20, 1995, the first-time owners of nine homes built by Mayer Homes filed a seven-count petition against Mayer Homes, Michel Building Products, Inc. (Michel) and Jordan. Five of the counts were dismissed, leaving Count I, a breach of express warranty claim against Mayer Homes and Jordan, and Count VII, a breach of contract claim against Mayer Homes. Mayer Homes filed a motion to compel arbitration of the claims of homeowners, Cacheris, Chapin, Schroeder, Omohundro, Mahon and Clay. The trial court ordered arbitration. Additionally, it ordered homeowners, Lee, Naughton and Sieckman, to submit to non-binding arbitration. Jordan and Michel did not participate in the arbitration proceedings. The trial court stayed homeowners' claims against Jordan and Michel pending the outcome of the arbitration.

Homeowners proceeded under the theories of breach of contract and breach of the implied warranty of habitability. Homeowners' petition did not assert a cause of action for a breach of an implied warranty of habitability. However, both theories were submitted to the arbitrator. The only objection Mayer Homes made regarding the implied warranty of habitability was that the U.C.C. statute of limitations precluded the cause of action. Otherwise, Mayer Homes agreed to have the issue heard in the arbitration proceeding.

The arbitrator did not explain the basis of the award. The award merely provided for individual awards in favor of each of the homeowners. The award also assessed the fees and expenses of the arbitration, including the attorney's fees of homeowners, against Mayer Homes. The arbitrator denied Mayer Homes' motion for reconsideration. It then filed a motion to vacate with the trial court. The trial court, on the request of homeowners, denied that motion and confirmed the arbitration award. This appeal followed.

The purpose of arbitration is to afford the parties the opportunity to reach a final disposition of their differences in an easier, more expeditious manner than by litigation. *Lorenzini v. Group Health Plan,*

*Inc.,* 753 S.W.2d 106, 107 (Mo.App.1988). To facilitate this purpose, judicial review of arbitration awards is limited. *Id.* Arbitration awards may be vacated only under limited circumstances. Section 435.405.1 RSMo 1994[1] provides that an award shall be vacated where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection;

but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

The party who requests vacation of the award has the burden of demonstrating its invalidity. *R.L. Hulett & Co. v. Barth,* 884 S.W.2d 309, 311 (Mo.App. E.D.1994).

■ In its first point, Mayer Homes argues the trial court erred by not vacating the award because the arbitrator refused to postpone the hearing for one day upon the showing of sufficient cause. Prior to the hearing, Mayer Homes filed a motion to lift stay and grant a continuance for one day with the trial court. Mayer Homes filed the motion because the law firm representing it switched lawyers on the case five days before commencement of the hearing. The newly assigned attorney had a personal conflict with the hearing date, and therefore, requested a one day continuance. The trial court denied the request. The attorney who originally represented Mayer Homes until five days before the scheduled hearing represented Mayer Homes during the arbitration. The newly assigned attorney never appeared on behalf of Mayer Homes during the arbitration.

■ Section 435.405.1(4) provides that "[u]pon application of a party, the court shall vacate an award where: (4)[t]he arbitrators refused to postpone the hearing upon sufficient cause being shown therefor ... as to prejudice substantially the rights of a party." We find Mayer Homes experienced no prejudice as a result of the denial of its motion to lift stay and grant a continuance. The attorney who represented Mayer Homes during this entire dispute also represented Mayer Homes at the arbitration proceedings. Mayer Homes misconstrues section 435.405.1(4) to mean that if good cause is shown, the trial court is compelled to grant the continuance. An award need only be vacated on this ground if good cause is shown, and the denial of the continuance produced prejudice substantially affecting the rights of a party. No such prejudice has been demonstrated, and we find none. Point denied.

■ Mayer Homes' second point contains four sub-parts. It first argues the arbitrator failed to decide whether there was a latent defect necessary to establish a claim for breach of an implied warranty of habitability. Mayer Homes did not raise this issue in its motion to vacate the arbitration award and has never contested that this issue was heard by consent. The issue first appears in Mayer Homes' appellate brief. We do not decide trial court error regarding an issue never presented to the trial court. *Small v. Missouri State Highway and Transp. Com'n,* 815 S.W.2d 495, 496 (Mo.App.1991). Moreover, the point has no merit. An arbitrator's mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers. *Lorenzini,* 753 S.W.2d at 108. Point denied.

Secondly, Mayer Homes contends the arbitrator failed to decide whether the statute of limitations barred certain claims of the home-

1. All other statutory references are to RSMo 1994 unless otherwise noted.

owners. This argument is without merit. Prior to the arbitration proceeding, the trial court held that the statute of limitations barred homeowners' U.C.C. warranty claims. Those claims were not heard or decided.

■ An implied warranty of habitability may protect the purchaser of a newly constructed home. *Crawford v. Whittaker Constr., Inc.*, 772 S.W.2d 819, 821 (Mo.App. 1989). A claim for breach of implied warranty of habitability is outside the U.C.C. because the code pertains to the sale of goods, and as defined in section 400.2–105, it excludes a new house. *Ferguson v. Alfred Schroeder Development Co.*, 658 S.W.2d 62, 64 (Mo.App.1983). Therefore, a U.C.C. statute of limitations does not apply to the warranty. *Id.*

Additionally, the trial court's order did not find that an implied warranty of habitability claim was barred by the statute of limitations. Homeowners did not make a claim for breach of implied warranty of habitability in their seven-count petition. The order contains no reference pertaining to the implied warranty of habitability because that claim was not before the trial court. Mayer Homes relies on an excerpt from the transcript of the arbitration hearing in which the arbitrator said any implied warranty claims asserted by three of the homeowners are barred. This comment was made in reference to the U.C.C. warranty claims brought by the homeowners in their petition. The trial court dismissed only claims concerning the implied warranty of fitness for a particular purpose and the implied warranty of merchantability, both U.C.C. warranties. The trial court's dismissal and the statements of the arbitrator did not preclude homeowners from submitting an implied warranty of habitability claim.

Thirdly, in Point II, Mayer Homes argues the receipt of homeowners' expert testimony was erroneous. Before the presentation of evidence, Mayer Homes presented a motion in limine to the arbitrator in an effort to exclude homeowners' expert testimony. The arbitrator allowed the expert to testify regarding the subject of implied warranty and damages. Mayer Homes maintains the evidence was prejudicial to it and violated section 435.405.1(1) which provides that an arbitration award procured by undue means can be vacated upon application of a party. On the merits the evidence may have helped homeowners and, in that sense, prejudiced Mayer Homes. However, this did not cause the award to be the product of undue means.

■ All issues pertaining to admission or rejection of evidence are matters for the arbitrators to decide in the exercise of their honest judgment. *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334, 346 (Mo.App. S.D. 1995). There are no facts to support finding the arbitrator admitted the evidence based on anything other than his honest judgment. Moreover, Mayer Homes summarily alleges that it was prejudiced by the admission of the expert's testimony. This is unsupported by evidentiary facts. Point denied.

■ Lastly, Mayer Homes argues the arbitrator erroneously made an award in favor of a person not a party to the proceeding. Homeowners contend this involves a clerical issue and the trial court properly corrected the award. Section 435.410 authorizes a trial court to correct or modify an award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

The arbitration award provided a monetary award to Bridgette Hunt, an individual not a party to the action. She was the former wife of William Cacheris, a homeowner in this action. In a dissolution proceeding, Cacheris received the home. Hunt was not an interested party. Pursuant to section 435.410 the trial court granted homeowners' motion to correct the arbitration award. The trial court removed the name of Hunt from the arbitration award and con-

firmed the arbitration award as corrected. Point denied.

Affirmed.

AHRENS, P.J., and CRANDALL, J., concur.