**METRO DEMOLITION & EXCAVATING COMPANY, Respondent,**

v.

**H.B.D. CONTRACTING, INC., and E.M. Harris Construction/H.B.D. Contracting, L.L.C., Appellants.**

**No. ED 76988.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 2001.

Andrew W. Manuel, Jackson D. Glisson, Greensfelder, Hemker & Gale, P.C., St. Louis, for Appellant.

Stephen J. Nangle, Nangle & Nangle, P.C., St. Louis, for Respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Appellants, H.B.D. Contracting, Inc. ("HBD"), and E.M. Harris Construction/H.B.D. Contracting, L.L.C. ("LLC"), appeal the order entered by the Circuit Court of the City of St. Louis denying their motion to stay litigation pending arbitration.[1] We affirm in part and reverse in part.

This case involves three construction subcontracts arising out of the same project between respondent, Metro Demolition & Excavating Company ("Metro"), and appellants. The subcontracts relate to excavation and earthwork to be performed at the Murphy Park Public housing project located in the City of St. Louis. Appellants are the general contractors on different phases of the project.

The first subcontract between HBD and Metro was entered into on February 7, 1996, the Tot Lot and Playground Equipment Construction subcontract. The subcontract provided in pertinent part:

> The Drawings; Specification; Addenda to the Specifications and Contractor's Construction Contract including General Conditions of the Contract for Construction, are hereby made a part of this Subcontractor's Agreement.

The above subcontract incorporates many documents, including the General Condi-

---

1. HBD and LLC will be collectively referred to as the "appellants."

tions of the Contract for Construction, which states in relevant part:

> THIS AGREEMENT, made the 20th day of March 1996,[2] by and between H.B.D. CONTRACTING INC. (hereinafter called the "Contractor") and VAUGHN ASSOCIATES, L.P. (hereinafter called the "owner").
>
> WITNESSETH, that the Contractor and the Owner, for the consideration hereafter set out, agree as follows:

> ### Article 1—Scope of Contract
>
> A. The Contract between the parties is set forth in the "Contract Documents", which consist of this Agreement, the Drawings and the Specifications, to which are attached the current edition of AIA Document A201, "General Conditions of the Contract for Construction", and FHA Form No. 2554, "Supplementary Conditions of the Contract for Construction". The provisions of this instrument and the said FHA Supplementary Conditions take precedence over all inconsistent provisions in the said AIA General Conditions. Any provision in said AIA General Conditions whereby the undersigned waive all rights against each other for damages caused by fire and other perils covered by insurance shall be inapplicable. This Contract constitutes the entire agreement between the parties, and any previously existing contract concerning the work contemplated by the Contract Documents is hereby revoked.

Article 4.5.1 of A201 provides in pertinent part:

> **4.5.1 Controversies and Claims Subject to Arbitration.** Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. . . .

**2.** Appellants claim that the contract between HBD and Vaughn Associates, L.P., was actually formed on or prior to February 1, 1996.

The second subcontract between HBD and Metro was entered into on April 17, 1996, the Earthwork Site Preparation subcontract, whereby Metro agreed to provide earthwork work for the project. The subcontract provided in pertinent part:

> The Drawings; Specification; Addenda to the Specifications and Contractor's Construction Contract including General Conditions of the Contract for Construction, are hereby made a part of this Subcontractor's Agreement.

The contract for construction referenced above was between HBD and MBA Development Corp., the Site Preparation Construction Contract. The contract was entered into on March 20, 1996. The contract consists of an agreement, which incorporates other documents into the agreement by reference, including the AIA Document A201.

The third subcontract was between LLC and Metro, the Public Improvement subcontract. It was entered into on June 17, 1996. The subcontract provided in pertinent part:

> The Drawings; Specification; Addenda to the Specifications and Contractor's Construction Contract including General Conditions of the Contract for Construction, are hereby made a part of this Subcontractor's Agreement.

The contract for construction referenced above was between LLC, as prime contractor, and the St. Louis Housing Authority, as the owner, the "Public Improvements Construction Contract". The contract was entered into on June 13, 1996. The contract includes an arbitration clause within the main body of the agreement itself. Article 7 of the contract provides in part: "[t]he parties agree that all disputes and claims relating to this contract shall be settled by arbitrators in accordance with the rules of the American Arbitration Association."

However, the record is devoid of any general contract document dated prior to March 20th, 1996.

After Metro began its work under the three subcontracts, a dispute arose between the parties. On May 28, 1999, Metro filed its petition for breach of contract. In count I of the petition, Metro alleged HBD owed it an additional $11,780.00 for extra work performed in connection with the Tot Lot Subcontract. Count II alleged that HBD owed Metro additional $43,657.00 for extra work performed in connection with the Earthwork Site Preparation Subcontract. Count III alleged that LLC, HBD and E.M. Harris are jointly and severally liable to it in the amount of $190,670.00 for extra work performed in connection with the Public Improvements Subcontract. Count IV is a quantum meruit claim against all the defendants seeking the aggregate principal amount of $246,107.00.

On August 6, 1999, appellants filed a motion to stay litigation pending arbitration. A hearing was held on September 10, 1999. On October 4, 1999, the trial court through an order denied appellants' motion to stay litigation pending arbitration. Appellants appeal.

Appellants raise one point on appeal. Appellants argue the trial court erred in denying their motion to stay litigation pending arbitration. Appellants argue the three subcontract agreements between the parties included enforceable arbitration agreements by incorporating the general conditions to the respective prime contracts, including a written arbitration provision.

■■■ Our standard of review is essentially de novo. *Fru–Con Constr. Co. v. Southwestern Redevelopment Corp. II*, 908 S.W.2d 741, 743–44 (Mo.App. E.D.1995). Courts favor and encourage arbitration proceedings. *Westridge Inv. Group, L.P. v. McAtee*, 968 S.W.2d 243, 245 (Mo.App. W.D.1998). "A court must stay litigation if it determines that the parties agreed to arbitrate." *Fru–Con Constr. Co.*, 908 S.W.2d at 744. For the purposes of determining whether an arbitration agreement

exists which warrants staying litigation a court evaluates:

(1) whether the parties agreed to arbitrate; (2) the scope of the agreement; ■ if federal statutory claims are asserted, whether Congress intended those claims to be arbitrable; and (4) if the court concludes that some but not all claims are arbitrable, whether to stay the balance of the proceeding pending arbitration. *Id.*

■■■ We must determine whether the parties agreed to arbitrate. Specifically, whether the subcontracts contain arbitration provisions for resolving disputes? In Missouri, "matters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba." *Trantham v. Old Republic Ins. Co.*, 797 S.W.2d 771, 774 (Mo.App.E.D.1990); *Jim Carlson Const., Inc. v. Bailey*, 769 S.W.2d 480 (Mo.App. W.D.1989) (Court held a contract for construction validly incorporated by reference general condition requiring arbitration of disputes).

■■■ In the case at bar, with regard to the Tot Lot and Playground Equipment Construction subcontract, appellants claim that the prime contract between HBD and Vaughn Associates, L.P., was actually formed on or prior to February 1, 1996. The record on appeal does not support such a claim. The record indicates that the prime contract was entered into on March 20, 1996, and the subcontract was entered into on February 7, 1996. As the prime contract was not in existence by February 7, 1996, the subcontract could not incorporate its arbitration provisions. We find that the incorporation by reference of the arbitration provisions of the prime contract, which was not in existence at the time of the alleged incorporation, was not valid. Thus, the trial court correctly denied appellants' motion to stay litigation pending arbitration with regard to this subcontract.

However, with regard to the Earthwork Site Preparation and Public Improvement subcontracts we find that the subcontracts contain language that incorporate by reference certain documents, including the general conditions of the prime contracts. The general conditions of the prime contracts contain or incorporate by reference arbitration provisions. The subcontracts incorporate by reference these arbitration provisions of the prime contracts. Therefore, the trial court erred in denying appellants' motion to stay litigation pending arbitration with regard to these two subcontracts.

Based on the foregoing, we affirm the order of the trial court denying appellants' motion to stay litigation pending arbitration with regard to the Tot Lot and Playground Construction subcontract. We reverse and remand the trial court's order denying appellants' motion regarding the Earthwork Site Preparation and Public Improvement subcontracts.

CRAHAN and DRAPER, JJ., concur.